**IN THE COURT OF APPEALS OF IOWA**

No. 22-0175
Filed December 7, 2022

**BRANDON MICHAEL SKAGGS,**
        Plaintiff-Appellant,

**vs.**

**KODI JO CARSON,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Jason D. Besler, Judge.


        Brandon Skaggs appeals the custody and back child support rulings in his
paternity action concerning his child with Kodi Carson.  **AFFIRMED.**



        Robert J. Murphy, Dubuque, for appellant.

        Rae M. Kinkead of Simmons Perrine Moyer Bergman PLC, Cedar Rapids,
for appellee.


        Considered by Bower, C.J., Tabor, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BOWER, Chief Judge.**

Brandon Skaggs appeals the custody and retroactive child-support rulings in his paternity action concerning B.R.C., the child he shares with Kodi Carson. Kodi seeks an award of appellate attorney fees. On our de novo review, we conclude B.R.C. is best served by remaining in Kodi's physical care, and we discern no reason to modify the trial court's order concerning retroactive child support. We affirm and award appellate attorney fees.

Our review of matters tried in equity is de novo. *See* Iowa R. App. 6.907. We give weight to the court's factual findings, especially when considering the credibility of witnesses, though we are not bound by them. Iowa R. App. P. 6.904(3)(g).

*Physical care.* The legal analysis concerning the custody of a child born to unmarried parents is the same as if the child's parents had been married and a dissolution of their marriage had resulted. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988); *see* Iowa Code § 600B.40 (2019) (providing section 598.41 shall apply in determining the visitation and custody arrangements of a child born out of wedlock).

We will not provide an extensive accounting of the parents' relationship because the district court has laid out a detailed background and made accurate factual findings. The trial court found Kodi's testimony more credible than Brandon's and gave valid reasons for doing so; we give weight to that assessment.

In brief, Brandon and Kodi had a short-term relationship that resulted in the birth of B.R.C. in July 2019. Brandon and Kodi viewed the seriousness of their relationship differently, which created conflict between them and their families.

Because of the circumstances surrounding the pregnancy and birth, Kodi moved back in with her parents, who allowed Brandon to live in their home with Kodi and the newborn. After an unpleasant interaction between Brandon and Kodi, Brandon left the household.

Brandon filed this petition for paternity on August 13, 2019, seeking to be named as B.R.C.'s father on the child's birth certificate, joint legal custody, physical care of the child, and a determination of child support and medical support.

On February 26, 2020, a "protective order by consent agreement" was filed. Brandon was ordered to "restrain[ ] from committing further acts of abuse or threats of abuse" and to have only limited interaction with Kodi. The order also "granted temporary primary physical care" of B.R.C. to Kodi with legal custody and parenting time to be established later. Kodi subsequently sought a hearing for temporary child support and medical support. On September 8, the court approved the parties' stipulation regarding temporary care and custody. The parties were granted joint legal custody, and Brandon's parenting time was scheduled.

On October 20, Brandon was ordered to pay temporary child support of $902 per month, beginning the first day of November. Kodi was to maintain the child's insurance. Brandon's first support payment was recorded by the Iowa Department of Human Services[1] on November 13, 2020. He missed child support payments between February and May 2021.

---

[1] In 2022, the legislature merged the department of human services with the department of public health into the Iowa Department of Health and Human Services, with the transition starting July 1, 2022. See 2022 Iowa Acts ch. 1131 § 51.

Brandon asked the court to reconsider the temporary child support order, contending the court should have imputed full-time wages to Kodi. The court denied the motion on January 26, 2021, finding "justice required that [Brandon's] child support obligation should be calculated on the parties' actual incomes."

At the time of trial on September 8 and 9, 2021, Brandon was twenty-six years old and employed full time as a sales person and manager of financing recreational vehicles, with an annual income of $66,300. He also works with the local fire department as a field training officer with average annual earnings of $1853.11. The trial court found his annual income to be $68,153.11. Brandon lives with his parents rent-free. While B.R.C. is in his care, Brandon's testified his parents and sisters are present "the whole time." A care journal is passed between Brandon and Kodi; except for one entry by Brandon, Brandon's mother provides all the information about B.R.C. while in their care.

Kodi was twenty-four years old at the time of trial. Kodi has been B.R.C.'s primary caregiver since birth and provides the child's medical insurance through her service with the National Guard as a combat medic. Kodi testified she still owed approximately $8000 in hospital or medical bills from B.R.C.'s birth. At the time of trial, Kodi had moved from her parents' home and was living in an apartment with the child. Kodi has made the necessary preparations for B.R.C. to enter preschool. Currently, B.R.C. attends daycare, allowing Kodi to work part-time in a hospital as a lab technical associate and take college courses.[2] She pays $715 per month in daycare expenses and $191.79 per month to cover the child's insurance. Kodi's rent is $1000 per month. Kodi earns $15.75 per hour and works

---

[2] Kodi testified she hoped to become a physician's assistant for the National Guard.

twenty-four hours a week in her employment in the lab, with an annual income of $19,656.[3]  The trial court found Kodi can reasonably be expected to earn $5000.00 annually from the National Guard.[4]  The court found her annual income was $24,656.

The court concluded B.R.C. would be in Kodi's physical care:

> Kodi is doing well with the minor child currently.  Kodi has worked hard at caring for the minor child, has made numerous adjustments and sacrifices for the child, and appears to put the child first.  Kodi has worked towards her own independence and has established her own residence.  Kodi has the child in a daycare and has the child ready for preschool, is working on finishing college while also working part-time at both a hospital lab and the National Guard.  It also appears Kodi works to ensure their child is excited about going to Brandon's house.  It is true Kodi's mom needs to be less confrontational with Brandon and his family, but Kodi is clearly working on how to coparent with Brandon, and is not undermining his relationship with their child.  It is also clear, their child has a deep bond with Kodi.  The court is concerned it would be too much of an adjustment for their child to not be with Kodi on a full-time basis, given the facts and circumstances of this case.

The trial court expressed "concerns about Brandon's ability to be the primary physical care parent," noting "he has never taken on this much responsibility" in the past and relies on his mother to care for the child during his parenting time.  The court also found it "questionable whether Brandon would sincerely support Kodi's relationship."  The trial court observed:

> Brandon has tended to direct Kodi rather than communicate with her, dismisses her concerns, and has not shown sufficient respect for her. It is questionable this would change if he had primary care of their

---

[3] We concur with the trial court that part-time employment is reasonable while Kodi attends college.

[4] Kodi earned more in 2020 due to additional deployments related to the COVID-19 pandemic.

Kodi also testified the National Guard provides other benefits including medical insurance, schooling assistance, child-care assistance, and a college education for her child.

child. The court finds it would not be in the best interests of the minor child for Brandon to have primary physical care of their child.

On our de novo review, we share the district court's concerns about Brandon's ability to support an ongoing relationship between Kodi and the child if the child were placed in his care. We also note that after filing his paternity petition, Brandon agreed Kodi would have temporary physical care of B.R.C. Brandon and his family imply Kodi is not a capable mother because of her former employment. Yet, Brandon and his family members concede B.R.C. is healthy, happy, and thriving. Kodi has been the child's primary caregiver, provides the child with consistent care, has not withheld visits, and attempts to coparent with Brandon within the bounds of the stipulated protective order. We choose not to further discuss Brandon's insinuations about Kodi's morality—Brandon's double standard is evident and unpersuasive.[5] With respect to Kodi's mental health, she acknowledged she committed an act of self-harm before B.R.C. was born and sought out mental-health assistance. We conclude B.R.C.'s physical care is best placed in Kodi's physical.

It is clear from our review that both extended families care deeply about B.R.C., no matter how they felt about the pregnancy. Both families have made several unexplored assumptions about motives and continuing attitudes. We have no authority to require the parties' families to reconcile but, for the child's sake, we hope they can set aside their animosity and extend each other respect and support.

---

[5] Brandon met Kodi in the course of her employment. Brandon told Kodi to quit working there or their relationship would be over, yet he continued to attend that establishment after Kodi quit.

*Back child support.* The district court addressed Kodi's request for back child support:

> The court finds there were fifteen months between their child's birth and Brandon paying child support, August 2019 until November 2020. Consequently, the court finds Brandon should pay some back child support as well. In the event the court were to order Brandon reimburse all of these fifteen (15) months, at the child support ordered in this order, he would owe $14,621.40. In the event the court ordered he reimburse only twelve (12) months he would owe $11,697.12. In the event the court would order he reimburse six (6) months it would be $5,848.56. Finally, in the event the court were to order he reimburse three (3) months the result would be $2,924.28.
>
> The court is also mindful, however, that Brandon's income has increased due to his recent change in employment, and his child support under the Temporary Order was $902.00. Furthermore, the court is mindful that it is not required to use the child support that would be ordered under the Child Support Guidelines today, but rather is required to determine an appropriate amount for the past support and maintenance of the child and for the reasonable and necessary expenses incurred by or for the mother in connection with prenatal care. The court notes, as a result, Kodi testified to still owing approximately $8000 in hospital or medical bills due to the birth of their child. Consequently, the court's responsibility is to determine a reasonable amount to require Brandon pay Kodi, given he did not provide substantial financial assistance for those fifteen (15) months, based on the entire record before the court.
>
> The court will order Brandon pay back child support of $10,824.00. This is child support that is twelve (12) months of support based on the $902.00 of child support he was ordered to pay on October 20, 2020, in the court's Temporary Order. Fifteen (15) months at this amount would be $13,530.00, and not ordering this amount acknowledges the various expenses Brandon and his family incurred as shown in the various receipts provided to the court. Based on the record before the court, it is the finding of the court the back child support ordered is a reasonable amount to order; considering the parties' respective incomes, the child support ordered in the Temporary Order, the child support ordered in this Support Order, prior expenses that were incurred by the parties, and expenses Brandon did not assist Kodi in paying as well. The court will order Brandon pay this support judgment pursuant to a payment plan of $100.00 per month, paid in the same manner as his child support obligation until this back child support is paid in full.

Brandon states the original hearing on temporary support was set for January 7, 2020, and contends, "It was Kodi and Kodi alone that delayed child support, not the other way around."

We note Brandon filed this paternity petition in August 2019, yet paid no support for the child until November 2020. Brandon is gainfully employed and has minimal monthly expenses—he could have voluntarily provided financial support for his child. Brandon fails to note continuances were granted in connection with Kodi's deployment with the National Guard during a pandemic. The court's order of back child support is reasonable.

*Appellate attorney fees.* Both parties seek appellate attorney fees. We "may award the prevailing party reasonable attorney fees." Iowa Code § 600B.26. Kodi is the prevailing party on appeal. "Appellate attorney fees are not a matter of right but may be awarded as a matter of discretion." *Hensch v. Mysak*, 902 N.W.2d 822, 827 (Iowa Ct. App. 2017). "Whether such an award is warranted is determined by considering 'the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal.'" *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005) (citation omitted).

Kodi requests Brandon be ordered to pay her appellate attorney fees and has submitted an affidavit in support. Considering Kodi's obligation to defend the decision, her income, and Brandon's ability to pay, we order Brandon to pay $7000 toward Kodi's appellate attorney fees.

**AFFIRMED.**